UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS S. JACKSON,

        Petitioner,

v.                                                        Case No: 6:18-cv-416-Orl-31DCI
                                                              (6:14-cr-217-Orl-31DAB)

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This cause comes before the Court on Thomas S. Jackson's ("Petitioner's" or "Jackson's") motion to vacate, set aside, or correct an illegal sentence under 28 U.S.C. § 2255 ("Motion to Vacate," Doc. 1). Respondent filed a response in opposition to the motion (Doc. 4), and Jackson filed a reply (Doc. 6). Upon review of the pleadings and the record, the Court concludes that the claims raised in Jackson's Motion to Vacate will not be addressed on the merits because they are either procedurally barred or were previously raised and disposed of on direct appeal.

**I.    Background and Procedural History[1]**

On September 17, 2014, a federal grand jury indicted Jackson for conspiracy to solicit and obtain bribes in return for appointing Samer Majzoub as a Longwood Police

---

[1] Docket entries in Petitioner's underlying criminal case, 6:14-cr-217-Orl-31DAB, will be cited as ("Cr. Doc.").

Officer, in violation of 18 U.S.C. § 666(a)(1)(B) (Count One) and federal funds bribery, in violation of 18 U.S.C. § 666(a)(1)(B) and 18 U.S.C. § 2 (Counts Two through Four).

On July 2, 2015, Jackson filed a motion to dismiss the indictment (Cr. Doc. 29). Jackson argued that the grand jury was led to believe that Florida law prohibited the Florida Department of Law Enforcement's Criminal Justice Standards & Training Commission ("FDLE") from certifying Majzoub as a law enforcement officer when in fact, Florida law contained no such prohibition because Majzoub had received a pardon for his prior felony conviction (*Id.* at 2). The Court denied the motion, noting:

> Contrary to Defendant's contention, the Indictment is not predicated upon whether Majzoub was legally eligible to become a police officer in Florida. Rather, the underlying issue was Majzoub's desire to become a police officer, the legal problems that posed an impediment thereto, and Defendant's illegal efforts to avoid or overcome those problems. The Indictment fully and fairly describes the motivation of Defendants, the manner and means employed by them, and the overt acts carried out in furtherance of their scheme to employ Majzoub as a Longwood police officer.

(Cr. Doc. 52 at 2) (footnote omitted). The Court further found that "under Florida law, a convicted felon is not eligible to be employed as a police officer. Gov. Bush's partial pardon does not undermine his federal conviction and the FDLE never certified Majzoub's eligibility." (*Id.* at 2, n. 3).

After a seven-day trial, a jury found Jackson guilty of one count of conspiracy and three counts of bribery (Cr. Doc. 91).[2] Jackson filed a post-trial motion for a judgment of

---

[2] The factual underpinnings of the case against Petitioner are summarized in detail in *United States v. Jackson*, 688 F. App'x 685, 688-698 (11th Cir. May 12, 2017) (Cr. Doc. 147 at 2-11).

2

acquittal, or alternatively, for a new trial (Cr. Doc. 95). In the motion, Jackson argued that "[b]y allowing the Government to argue and introduce testimony at trial that Mr. Majzoub was not eligible for certification, Mr. Jackson's defense of good faith or lack of corrupt intent was eviscerated." (*Id.* at 2). Noting that the motion raised many of the same legal arguments made before the trial began, the Court stated:

> Contrary to Defendant's repeated argument, the case against Defendant did not turn simply upon whether Samer Majzoub could legally become a police officer in Florida. Rather, the evidence at trial, consistent with the indictment, showed that because Majzoub was a convicted felon, there were significant impediments to obtaining the required certification from Florida Department of Law Enforcement. In exchange for payment from Majzoub in excess of $30,000, Defendant tried to assist Majzoub to overcome these impediments and ultimately swore him in as a Longwood police officer, gave him credentials and titles, and otherwise held him out as a member of the Longwood Police Department, despite the fact that he was never certified to be a police officer.

(Doc. 100 at 2). The Court denied the motion because "there was ample evidence from which the jury could conclude beyond a reasonable doubt that Defendant accepted bribes from Samer Majzoub in exchange for Defendant's 'assistance' in fulfilling Majzoub's desire to become a police officer." (*Id.*).

Jackson filed an appeal in which he asserted that the Court erred by: (1) denying his motion for a judgment of acquittal based on the sufficiency of the evidence; (2) declining to give a requested jury instruction on *Sandlin v. Criminal Justice Standards & Training Commission*, 531 So. 2d 1344 (Fla. 1988);[3] (3) refusing to allow him to question

---

[3] In *Sandlin*, the Florida Supreme Court concluded that the FDLE had discretion to certify a person with a felony conviction and a full gubernatorial pardon "for

FDLE attorneys about whether federal law would prohibit Majzoub (as a convicted, but pardoned, felon) from becoming a police officer and whether federal law would prohibit him from carrying a weapon as a police officer; and (4) denying the pre-trial motion to dismiss the indictment. *Jackson*, 688 F. App'x at 692, 699 n.12.

The Eleventh Circuit affirmed on all grounds. *Jackson*, F. App'x at 685. In rejecting Jackson's claim that the Court should have read the *Sandlin* jury instruction, the Eleventh Circuit concluded that:

> This case is not about whether the Commission could or could not legally certify Majzoub as a police officer under Florida law. Instead, the question is whether Jackson corruptly accepted bribes to be influenced or rewarded for appointing Majzaub as an LPD law enforcement officer, and the evidence – viewed in the light most favorable to the jury's verdict— demonstrates that he did so.
>
> . . .
>
> In other words, the legal technicality of whether the Commission could theoretically certify Majzoub had no bearing on whether Jackson [acted] for an illegal goal because Jackson illegally appointed Majzoub without the Commission's required certification.

*Id.* at 699. The Eleventh Circuit also affirmed the Court's evidentiary rulings on the issue of whether evidence on the eligibility of Majzoub to become a police officer ("*Sandlin* evidence") should have been admitted through the testimony of FDLE attorneys, noting that "the ultimate answer to the legal question of Majzoub's eligibility for certification was irrelevant." *Id.* at 699 n. 12.

---

appointment as a law enforcement officer, but may refuse to do so if it deems him to be of bad character, a poor moral risk, or an otherwise unfit appointee." 531 So. 2d at 1347.

4

Jackson filed his Motion to Vacate on March 19, 2018 (Doc. 1).

## II. Legal Standard

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

## III. Analysis

In his Motion to Vacate, Jackson urges that the Court erred by preventing him from offering *Sandlin* evidence showing that Majzoub was not barred under Florida law from becoming a police officer (Doc. 1-1). He argues that large amounts of exculpatory evidence "was ignored because the district court erroneously ruled that the *Sandlin* case didn't apply." (*Id.* at 4).

Respondent asserts that Jackson cannot raise the same claims in his Motion to Vacate that were already considered by the Eleventh Circuit on direct appeal (Doc. 4 at

5

14).[4] Indeed, "[t]he district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). If a claim has previously been raised on direct appeal and decided adversely to a defendant, it cannot be relitigated in a collateral attack under § 2255. *See Nyhuis*, 211 F.3d at 1343. The Eleventh Circuit found Jackson's allegations regarding evidence of Majzoub's eligibility to become a police officer to be meritless and decided the *Sandlin* evidence issue adversely to him. *Jackson*, 688 F. App'x at 699. To the extent Jackson raises issues that were raised and resolved on direct appeal, this Court will not reconsider the claims here.

In his reply, Jackson insists that he does not raise the same claims here as he did on direct appeal because his Motion to Vacate is not related to jury instructions (Doc. 6 at 3, 19). Rather "the basis of the [§] 2255 is that during trial the District Court on numerous occasions sustained the objection of the government when the defense attempted to build a meaningful defense based on the *Sandlin* ruling." (*Id.* at 3).[5]

Respondent contends that, even if some grounds in Jackson's Motion to Vacate were not raised on direct appeal, they are now procedurally barred from § 2255

---

[4] Respondent asserts, and the Court agrees, that any § 2255 claim regarding the Court's refusal to read a proposed jury instruction or to admit the testimony of FDLE attorneys regarding Majzoub's eligibility under *Sandlin* was already raised on direct appeal and rejected by the Eleventh Circuit (Doc. 4 at 14-15).

[5] In asserting that the claims raised in his Motion to Vacate were not raised on direct appeal, Petitioner ignores his appellate claim that his defense attorneys were not allowed to question the FDLE attorneys on whether Majzaub was eligible for certification and the Eleventh Circuit's conclusion that the answer to the legal question of Majzoub's eligibility for certification was irrelevant. *Jackson*, 688 F. App'x at 699 n. 12.

6

consideration because Jackson failed to raise them on direct appeal (Doc. 4 at 15-16). The Court agrees that a motion to vacate under § 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a § 2255 motion and will be considered procedurally barred. *Lynn v. United States*, 365 F.3d 1225, 1234–35 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is " 'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n. 14 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

Absent a showing that the ground of error was unavailable on direct appeal, a court may consider it in a § 2255 motion only if the petitioner establishes: (1) cause for not raising the ground on direct appeal and actual prejudice resulting from the alleged error; or (2) that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the petitioner's] own conduct." *Lynn*, 365 F.3d at 1235. To show actual innocence of the crime of conviction, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of new evidence of innocence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

This Court can easily dispense of both exceptions. In his reply, Jackson makes the conclusory statement that it is "clear . . . that the petitioner has more than shown cause and prejudice in the District Court's refusal to recognize the *Sandlin* ruling and sustain

7

the objections of the government over the defense's during the defense's efforts during trial to build and illustrate to the jury that the petitioner had not acted in an unlawful way and no unlawful act was committed nor any attempt to circumvent proper procedure." (Doc. 6 at 21-22). This statement makes little sense. Jackson essentially urges that the Court's erroneous evidentiary rulings on *Sandlin* evidence during trial were the cause of his failure to raise his *Sandlin* evidence claims on direct appeal. However, he does not explain how he was prevented from making this argument on direct appeal and he did, in fact, challenge many of the Court's evidentiary rulings on direct appeal. The second narrow exception also does not apply because Jackson has not supplied new evidence, unknown to him before trial, establishing his actual, factual innocence of the crimes for which he was convicted. *Schlup*, 513 U.S. at 329. Rather, he urges, that—had the *Sandlin* evidence been admitted—he would have been found innocent. Jackson has made this argument numerous times throughout his legal proceedings. Because neither exception is applicable, federal review of any claim based upon a contention that the Court erred by precluding *Sandlin* evidence during trial is procedurally barred from review.

Any claim not specifically discussed in this Order was either disposed of on direct appeal or is procedurally barred. Because the record establishes that Jackson is not entitled to § 2255 relief, no evidentiary hearing is required. *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

8

1. Petitioner Thomas S. Jackson's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is further directed to file a copy of this Order in criminal case number 6:14-cr-217-Orl-31DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 154) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Jackson must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Alternatively, Jackson must show that "the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). Jackson has not made the requisite showing in these circumstances.

Because Jackson is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 13, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-4